United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Paulette N. Higgins, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-20749-Civ-Scola |
| Camillus House, Inc., Defendant | ) |
| | ) |

## Order Granting Motion to Dismiss

This matter is before the Court upon Defendant Camillus House, Inc.'s ("Camillus House") motion to dismiss Plaintiff Paulette N. Higgins's complaint (Motion, ECF No. 12). Upon review of the parties' briefs, the record, and the relevant legal authorities, the Court **grants** the Defendant's motion (**ECF No. 12**).

On February 27, 2018, Higgins, proceeding *pro se*, filed a complaint against Camillus House seeking relief under "ADA laws, ADA housing, 42 U.S.C. 1983[.]" (Compl., ECF No. 1 at 1.) Higgins alleged that Camillus House was forcing her to be homeless because of her disabilities and that Camillus House forced her to sign "fraudulent paper work" for housing. (*Id.*) She claimed that as of the date of filing, Camillus House was not housing her. (*Id.*) She sought "emergency ADA housing" to prevent further harm. (*Id.* at 2.)

On May 7, 2018, Camillus House filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and Local Rule 7.1. (Motion, ECF No. 12.) Camillus House construed Higgins's complaint as alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and 42 U.S.C. § 1983. Camillus House argues that Higgins fails to allege sufficient facts to state an ADA claim and standing to obtain injunctive relief. Camillus House also argues that Higgins fails to allege any facts to support a claim under § 1983 because Camillus House is not a state actor subject to liability under § 1983 and Higgins cannot allege that Camillus House's actions were public functions sufficient to have the Court treat it as a state actor. Camillus House requests that the Court dismiss Higgins's § 1983 claim with prejudice.

Higgins filed a short response to the Camillus House's motion to dismiss in which she stated that she did not object to dismissal, but that she did object to a dismissal with prejudice. (Resp. to Motion to Dismiss, ECF No. 13.) She indicates that Camillus House has been housing her since May of 2018, so

there is no further need for the Court's intervention. Camillus House did not reply to her response. Further, it appears from Higgins's recent filing with the Court (ECF No. 14) that Higgins's has housing.

Because Higgins's request for relief appears to be moot and she no longer seeks to proceed with this case, the Court **grants** Camillus House's motion (**ECF No. 12**) and **dismisses without prejudice** Higgins's complaint. Further, Higgins's recent request for an order from the Court appears to be distinct from the relief she sought in her initial complaint. Therefore, the Court **denies** Higgins's motion (**ECF No. 14**). If Higgins seeks new or different relief, she may file a new complaint alleging the relevant claims. However, the Court reminds Higgins that she has been placed on the Court's list of restricted filers, barring her from initiating any lawsuits in the Southern District of Florida unless she either (1) tenders the full filing fee required to initiate a law suit; or (2) is granted prior leave to proceed by a court in this district. (*See* Case No. 18-cv-20644-RNS, Order Regarding Restricted-Filer Status, ECF No. 15.) The Clerk shall **close** this case.

     **Done and ordered**, at Miami, Florida, on July 17, 2018.

Robert N. Scola, Jr.
United States District Judge